UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| SANFRATELLOS PIZZA, INC. | ) | CASE NO. 10-08344 |
| | ) | |
| | ) | HON. TIMOTHY A. BARNES |
| Debtor. | ) | Hearing Date: July 18, 2012 |
| | | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:    GUS A. PALOIAN, Chapter 7 Trustee

Date of Order Authorizing Employment:    February 27, 2010

Period for Which
Compensation is Sought:    February 27, 2010, through the close of the case

Amount of Fees Sought:    $6,000.81

Amount of Expense
Reimbursement Sought:    $0.00

This is an:                                       Interim Application   _____    Final Application:    X

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:    June 6, 2012            By:    /s/ Gus A. Paloian
                                            Applicant: GUS A. PALOIAN, Chapter 7 Trustee

14287556v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 10-08344 |
| | ) | Chapter 7 |
| SANFRATELLOS PIZZA, INC. | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: July 18, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $6,000.81 in final compensation (the "Fees") for services rendered in the above-captioned case from February 27, 2010, through the closing of the case (the "Application Period"). In support of this Application, the Trustee respectfully states as follows:

**I. JURISDICTION**

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

14287556v.1

## II. BACKGROUND

### A. Procedural Background

2.  On February 27, 2010, the Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3.  Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

### B. Overview of Asset Recoveries for the Estate

#### Sale of Personal Property

4.  The Trustee sold the Debtor's personal property consisting of inventory and equipment pursuant to this Court's order dated August 10, 2010. As a result, the Trustee recovered gross proceeds of $55,000.00 on behalf of the Estate's creditors.

### C. Services Rendered by the Trustee to the Estate

5.  During the Application Period, the Trustee performed 23.30 hours of actual and necessary services on behalf of the Estate, worth a total value of $6,316.00. Further, the Trustee estimates that he will perform an additional three hours of service, with a total value of $1,100.00, in connection with his appearance at the final hearing, preparation of the final distribution and preparation and filing of his final account. An itemized statement describing the Services is attached hereto as **Exhibit 1.**

6.  The Services included, but were not limited to, the following:

    A.  Instructing counsel to prepare necessary pleadings and motions in the cases;

    B.  Reviewing schedules, bank ledgers and claims in preparation of final report;

  C. Communicating with tax accountants with respect to evaluating the Estate's tax obligations; directing the accountants to prepare required tax returns; and compiling information as needed by the accountants for the preparation of Estate tax returns;

  D. Maintaining the Estate's bank accounts, performing bank reconciliations and investing the funds collected and liquidated; and

  E. Preparing reports, as required, by the United States Trustee.

### III. RELIEF REQUESTED

7. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize the him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

8. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

9. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first

> $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]"  In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

13. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

14. This Application is the Trustee's first and final application for compensation in this Case.

14287556v.1

15. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $6,000.81.

16. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

17. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $45,000.00 disbursed | = | $4,500.00 |
| 5% of the next $5,016.10 disbursed | = | $250.81 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $6,000.81 |
| **COMPENSATION REQUESTED** | = | **$6,000.81** |

18. As of March 15, 2012, the Trustee collected $55,016.10 for the benefit of the Estate and disbursed $121.20. There will not be a surplus of funds turned over to the Debtor in the Case.

19. The Trustee requests allowance of final compensation in the Case in the amount of $6,000.81. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of the Case.

20. The Trustee believes that the compensation requested is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors.

## VI. NO PRIOR REQUEST

21. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtors' Estate, respectfully requests that the Court enter an Order:

A. Allowing and awarding compensation to Trustee in the amount of $6,000.81 on a final basis;

B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: June 6, 2012       Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Gus A. Paloian
Gus A. Paloian (06188186)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000

14287556v.1

# EXHIBIT 1

14287556v.1

**TRUSTEE**

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 03/23/10 | N. Bouchard | Phone conversation with Tom Toolis regarding purchase of restaurant equipment from estate. | 0.30 | 37.50 |
| 07/01/10 | J. McManus | Telephone conference with Debtor's counsel regarding status. | 0.10 | 23.50 |
| 07/02/10 | J. McManus | Telephone conference with Debtor's counsel regarding upcoming continued meeting of creditors. | 0.10 | 23.50 |
| 07/07/10 | J. McManus | Confer with N. Bouchard regarding case status. | 0.10 | 23.50 |
| 07/13/10 | J. McManus | Update TCMS assets. | 0.10 | 23.50 |
| 07/16/10 | J. McManus | Respond to inquiry regarding sale of property. | 0.10 | 23.50 |
| 08/03/10 | J. McManus | Prepare case status report. | 0.10 | 23.50 |
| 08/10/10 | J. McManus | Confer with G. Paloian regarding sale of restaurant equipment. | 0.10 | 23.50 |
| 08/11/10 | G. Paloian | Review file regarding status of closing of sale and bar date. | 0.30 | 166.50 |
| 08/11/10 | J. McManus | Confer with G. Paloian regarding sale of equipment (.10); telephone conference with Debtor's counsel regarding same (.10). | 0.20 | 47.00 |
| 08/13/10 | J. McManus | Prepare quarterly status report for meeting with G. Paloian. | 0.20 | 47.00 |
| 08/20/10 | J. McManus | Revise case status report and confer R. Podorovsky regarding same. | 0.10 | 23.50 |
| 08/27/10 | J. McManus | Investigate status, revise status report and prepare for case status meeting with G. Paloian and R. Podorovsky (.10); attend meeting regarding same (.20); confer with L. West regarding tax return status (.10). | 0.40 | 94.00 |
| 08/27/10 | R. Knapp | Review scheduled assets to verify complete administration of assets (.20); review schedules for information needed to close case and in preparation of meeting with Trustee (.20); memo regarding: work to be done (.20). | 0.60 | 132.00 |
| 08/27/10 | R. Knapp | Prepare deposit of funds received on account of sale of personal property (.10), and update case management system regarding: same (.10). | 0.20 | 44.00 |
| 08/30/10 | J. McManus | Confer with L. West regarding tax return requirement. | 0.10 | 23.50 |
| 09/07/10 | J. McManus | Telephone conference with L. West regarding tax preparation and forward prior returns (.10); import assets (.20); forward Forms 1 & 2 (.10). | 0.40 | 94.00 |

14287602v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 09/08/10 | J. McManus | Retrieve and forward tax returns to L. West (.10); confer with L. West regarding same (.10). | 0.20 | 47.00 |
| 09/21/10 | J. McManus | Revise case status report. | 0.10 | 23.50 |
| 10/19/10 | J. McManus | Confer with R. Podorovsky regarding case status. | 0.10 | 23.50 |
| 10/28/10 | J. McManus | Run proposed distribution for G. Paloian. | 0.20 | 47.00 |
| 10/29/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 11/01/10 | J. McManus | Reconcile bank accounts. | 0.10 | 23.50 |
| 11/08/10 | J. McManus | Confer with G. Paloian regarding case closing. | 0.10 | 23.50 |
| 12/06/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 12/09/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 01/13/11 | J. McManus | Revise Form 3 for Annual Report. | 0.20 | 49.00 |
| 01/25/11 | J. McManus | Revise Form 2 for Annual Report. | 0.20 | 49.00 |
| 01/27/11 | J. McManus | Upload scheduled property and claims (.20); review and revise Form 2 (.10). | 0.30 | 73.50 |
| 01/31/11 | J. McManus | Revise Form 2. | 0.20 | 49.00 |
| 02/07/11 | J. McManus | Telephone conference with accountant regarding final tax returns (.10); provide additional information regarding same (.10). | 0.20 | 49.00 |
| 02/14/11 | J. McManus | Telephone conference with L. West regarding final tax returns (.20); assemble additional tax materials regarding same (.20). | 0.40 | 98.00 |
| 02/15/11 | J. McManus | Prepare case status report for quarterly review with G. Paloian. | 0.20 | 49.00 |
| 02/20/11 | J. McManus | Assemble tax return materials for L. West. | 0.20 | 49.00 |
| 02/23/11 | A. Shepro | Compile Forms 1 and 2 from TCMS and email to Lois West, CPA (.10). | 0.10 | 8.50 |
| 03/07/11 | A. Shepro | Reconcile January bank statements (.10); compile January and December bank statements and reconciliations for filing (.10). | 0.20 | 17.00 |
| 03/18/11 | J. McManus | Assemble Forms 1 & 2 for filing with Court. | 0.10 | 24.50 |
| 03/31/11 | J. McManus | Review case status. | 0.20 | 49.00 |
| 04/18/11 | A. Shepro | Reconcile March bank statements (.10), and file (.10). | 0.20 | 17.00 |
| 05/11/11 | A. Shepro | Reconcile April bank statements (.10), and file (.10). | 0.20 | 17.00 |
| 08/02/11 | J. McManus | Telephone conference with L. West regarding outstanding 2010 return issues. | 0.10 | 24.50 |

14287602v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 08/04/11 | J. McManus | Discuss open items in 2010 tax returns with L. West. | 0.20 | 49.00 |
| 08/11/11 | J. McManus | Follow-up regarding information needed for accountant to finalize 2010 tax returns. | 0.20 | 49.00 |
| 08/15/11 | A. Shepro | Confer with J. McManus regarding tax returns and case status (.10); draft email to T. Toolis regarding further documentation needed for accountant (.20). | 0.30 | 25.50 |
| 08/22/11 | J. McManus | Follow-up with Debtor's counsel regarding attachment to tax return (.10); confer with L. West regarding same (.10). | 0.20 | 49.00 |
| 08/22/11 | A. Shepro | Confer with Alex at JT Law regarding documents attached to the tax returns for Sanfratellos (.20); forward email to J. McManus regarding same (.10). | 0.30 | 25.50 |
| 09/12/11 | G. Paloian | Attend to state and federal tax returns (.40); investigate status of case closing (.50). | 0.90 | 517.50 |
| 09/13/11 | J. McManus | Review 2010 IRS and IDOR tax returns (.10); file same (.10); prepare IRS prompt determination letter (.10); prepare IDOR prompt determination letter (.10); forward prompt determination letters (.10). | 0.50 | 122.50 |
| 10/04/11 | R. Knapp | Review docket for information need to prepare TFR (.20); review claims filed (.10) and analyze claims of IRS for secured tax lien (.10); memo to J. McManus regarding same (.10); email to J. Sowka regarding question regarding validity of secured tax lien (.20); research regarding secured tax lien (.20). | 0.90 | 207.00 |
| 11/02/11 | A. Shepro | Reconcile August (.10) and September (.10) Bank of America account statements. | 0.20 | 17.00 |
| 11/29/11 | R. Knapp | Prepare/compile documents for transfer of estate bank accounts | 0.40 | 92.00 |
| 12/01/11 | R. Knapp | Update information in system as needed for preparation of TFR and NFR (.60); review documents for information needed to prepare TFR (.30). | 0.90 | 207.00 |
| 12/02/11 | R. Knapp | Reconcile Estate account | 0.10 | 23.00 |
| 01/04/12 | J. McManus | Prepare Annual Report. | 0.20 | 51.00 |
| 01/17/12 | R. Knapp | Update system with recent account activity as needed in preparation of interim reports. | 0.30 | 72.00 |
| 01/19/12 | R. Knapp | Email correspondence to/from L. West regarding: preparation of estate tax returns (.20); prepare information needed by accountant for preparation of final tax return (.10); begin draft of Trustee final fee application (.70). | 1.00 | 240.00 |

14287602v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 01/27/12 | G. Paloian | Review and process State and Federal tax returns for Estate . | 0.70 | 420.00 |
| 01/29/12 | R. Knapp | Update banking records to record recent transactions (.20); perform bank account reconciliation (.20). | 0.40 | 96.00 |
| 01/30/12 | J. McManus | Cause estate tax returns to be filed with the IRS and IDOR (.20); revise Form 3 (.20). | 0.40 | 102.00 |
| 01/31/12 | J. McManus | Prepare prompt determination letters to IRS and IDOR (.40); revise Annual Report (.40). | 0.80 | 204.00 |
| 02/24/12 | J. McManus | Follow-up with L. West regarding tax notice. | 0.10 | 25.50 |
| 03/15/12 | R. Knapp | Finalize Trustee fee application (1.00); input final administrative claims into system (.20); prepare Trustee's final report (1.50); update system with information needed to prepare NFR and TDR (1.00); prepare NFR (.50). | 4.20 | 1,008.00 |
| 3/16/12 | R. Knapp | Review/edit Trustee's final report (.40); NFR (.20); and fee applications (.60). | 1.20 | 288.00 |
| 3/16/12 | G. Paloian | Review, edit and execute Trustee's final report package. | 1.00 | 600.00 |
| | | **TOTALS** | **23.30** | **$6,316.00** |

14287602v.1