# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-08344 |
| | ) | Chapter 7 |
| SANFRATELLOS PIZZA, INC., | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: July 18, 2012 |
| | ) | Hearing Time:10:30 a.m. |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN

Name of Applicant:                           Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:                    Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                           August 10, 2010, effective as of April 1, 2010

Period for which Compensation                May 6, 2010 through the close of the case
and Reimbursement is Sought:

Amount of Final Compensation
Sought:                                      $7,586.50

Amount of Final Expense
Reimbursement Sought:                        $103.40


This is a:    X   Final        ____   Interim Application.

Prior Applications:  None

14287588v.1

Dated: June 6, 2012

Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Gus A. Paloian

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

14287588v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 10-08344 |
| | ) | Chapter 7 |
| SANFRATELLOS PIZZA, INC., | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: July 18, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE**
**REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL**
**TO CHAPTER 7 TRUSTEE GUS A. PALOIAN**
**FROM MAY 6, 2010 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth

Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely

in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final

Application for Compensation and Expense Reimbursement (the "Application") for legal

services performed, and expenses incurred, during the period of May 6, 2010, through the close

of the case (the "Application Period"). In support of this Application, Seyfarth respectfully

represents, as follows:

## I. INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 503(a) and (b),

and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended

(the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy

Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the

Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

(E) that certain Order of the Court, dated August 10, 2010, authorizing Seyfarth's retention as

counsel to the Trustee effective as of April 1, 2010 (the "Seyfarth Retention Order");  and (F)

other applicable case law discussed herein (collectively, the "Authorities for Relief").  In this

regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.      In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and authorizing payment from the Estate of final allowance of compensation in the

amount of $7,586.50 (the "Fees") for professional services rendered by Seyfarth on behalf of the

Trustee during the Application Period and for reimbursement of expenses in the amount of

$103.40 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the

performance of those services.

## II.  JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.  Venue of

this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and

(b)(2)(A), (M), and/or (O).  The predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330, and 331.

## III.  BACKGROUND

### A.      Case Background

4.      On February 27, 2010 (the "Petition Date"), the Debtor filed its voluntary petition

for relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

14287588v.1

5.      Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6.      Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

## B.      Summary of Services Rendered by Seyfarth to the Trustee

7.      This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

8.      Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

9.      In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case.  Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

10.      The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $7,586.50.  A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $555.00 (2010)<br>$575.00 (2011)<br>$600.00 (2012) | 1.70 | $958.50 |

3

14287588v.1

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| James B. Sowka | Sr. Associate | $310.00 (2009) | 0.50 | $187.50 |
| Andrew Banas | Associate | $325.00 (2010) | 1.60 | $520.00 |
| M. Ryan Pinkson | Associate | $280.00 (2009) $330.00 (2011 | 3.80 | $1,135.00 |
| Jennifer M. McManus | Paralegal | $235.00 (2010) $245.00 (2011) | 12.00 | $2,830.00 |
| Ricki Knapp-Podorovsky | Paralegal | $220.00 (2010) $240.00 (2012) | 6.30 | $1,477.00 |
| Nina Bouchard | Former Paralegal | $110.00 (2010) | 0.70 | $87.50 |
| Alice Shepro | Case Asst. | $80.00 (2010) $85.00 (2011) | 4.70 | $391.00 |
| **TOTAL:** | | | **31.30** | **$7,586.50** |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

11.     Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

12.     During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

4

14287588v.1

13.      All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

14.      Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

15.      During the Application Period, Seyfarth has rendered 31.30 hours.  All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Copies of all such records for the Application Period are attached hereto as **Exhibit 3**.

16.      The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property.  For the Court's convenience, Seyfarth has separated the services in three categories below:

A.      **Case Administration:**  Seyfarth represented the Trustee with respect to general case administration matters, including the preparation of the Trustee's Motion to Retain Attorneys and the Trustee's Motion to Retain Accountants.  In connection with the foregoing, Seyfarth has expended 15.60 hours of services for which it requests compensation in the amount of $3,101.00;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | 2011 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Andrew Banas ASSOCIATE–CHICAGO | $325.00 | N/A | 1.00 | $325.00 |
| M. Ryan Pinkston ASSOCIATE—CHICAGO | $295.00 | $330.00 | 0.70 | $220.50 |

5

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | 2011 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Jennifer McManus PARALEGAL–CHICAGO | $235.00 | $245.00 | 8.70 | $2,054.50 |
| Ricki Knapp-Podorovsky PARALEGAL–CHICAGO | $220.00 | N/A | 0.50 | $110.00 |
| Alice Shepro CASE ASST--CHICAGO | $80.00 | $85.00 | 4.70 | $391.00 |
| **TOTAL** | | | **15.60** | **$3,101.00** |

B.   **Fee Applications:**  Seyfarth prepared this Application and the final fee application on behalf of the Trustee's Accountants.  In connection with the foregoing, Seyfarth has expended 4.20 hours of services for which it requests compensation in the amount of $1,008.00;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| Ricki Knapp-Podorovsky PARALEGAL–CHICAGO | $240.00 | 4.20 | $1,008.00 |
| **TOTAL** | | **4.20** | **$1,008.00** |

C.   **Claim Analysis and Administration:**  Seyfarth analyzed the claims filed in the Case and advised the Trustee as to the validity of those claims; as requested by the Trustee, Seyfarth resolved all claim issues and did so without the need for a formal claim objections, including the resolution of the invalid secured claim filed by the Internal Revenue

14287588v.1

Service.  .  In connection with the foregoing, Seyfarth has expended 2.20 hours of services for which it requests compensation in the amount of $751.00;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | 2011 HOURLY RATE | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloain PARTNER—CHICAGO | N/A | $575.00 | $600.00 | 0.50 | $292.50 |
| James B. Sowka SR. ASSOCIATE—CHICAGO | N/A | $375.00 | N/A | 0.50 | $187.50 |
| Ricki Knapp-Podorovsky PARALEGAL–CHICAGO | $220.00 | $230.00 | N/A | 1.20 | $271.00 |
| TOTAL | | | | 2.20 | $751.00 |

and

D.    **Sale of Property**:  Seyfarth advised the Trustee as to the sale of the Estate's interest in personal property comprised of certain inventory and equipment ("Property"); Seyfarth represented the Trustee in negotiations with the potential purchaser; Seyfarth investigated, verified and determined the liens on the Property and advised the Trustee as to the validity of liens asserted against the proceeds of the proposed sale; upon the Trustee's request, Seyfarth prepared the Trustee's Motion to Sell the Property and represented the Trustee at the Court hearing in connection therewith.  As a result of these efforts, the Trustee recovered gross proceeds of $55,000.00 for the benefit of the Estate's creditors.  In connection with the foregoing, Seyfarth expended 9.30 hours of time for which it requests compensation in the amount of $2,726.50.

A breakdown of the professional services in this category is as follows:

7

14287588v.1

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| Gus A. Paloain PARTNER—CHICAGO | $555.00 | 1.20 | $666.00 |
| Andrew Banas ASSOCIATE–CHICAGO | $325.00 | 0.60 | $195.00 |
| M. RYAN PINKSTON ASSOCIATE—CHICAGO | $295.00 | 3.10 | $914.50 |
| Jennifer McManus PARALEGAL–CHICAGO | $235.00 | 3.30 | $775.50 |
| Ricki Knapp-Podorovsky PARALEGAL–CHICAGO | $220.00 | 0.40 | $88.00 |
| Nina Bouchard FORMER PARALEGAL-CHI | $125.00 | 0.70 | $87.50 |
| **TOTAL** | | **9.30** | **$2,726.50** |

17.     During the Application Period, Seyfarth expended 3.50 hours of time, worth a value of $840.00, in preparing the Application.

18.     "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications."  Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

### C.     Reasonableness of Compensation Requested

19.     In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

8

20.     Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

21.     Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

22.     Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

**D.      Expenses Incurred by Seyfarth on behalf of Trustee**

23.     Seyfarth has incurred actual and necessary expenses in the amount of $103.40 in the performance of the services rendered to the Trustee in the Case.  The expenses primarily relate to photocopying of pleadings filed with the Court and related documents.  A detailed listing of the expenses incurred is attached hereto as **Exhibit 4**.

**IV.  STATEMENT OF APPLICANT PURSUANT
TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016**

24.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or expense reimbursement as a result of the Case with any person, firm or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of the Case.

**V.  RELIEF REQUESTED**

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.      Allowing Seyfarth final compensation in the total amount of $7,586.50;

B.      Allowing Seyfarth reimbursement of expenses in the amount of $103.40; and

9

14287588v.1

C.      Granting such other and further relief as this Court deems proper.

Dated: June 6, 2012                          Respectfully submitted,

                                             GUS A. PALOIAN, not individually or
                                             personally, but solely in his capacity as the
                                             Chapter 7 Trustee of the Debtor's Estate,


                                             By:/s/ Gus A. Paloian _____

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

10

**Exhibit 1**

14287588v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                      )    Case No. 10-B-08344-SPS
                                            )    Chapter 7
SANFRATELLO'S PIZZA, INC.,                  )
                                            )    Hon. Susan Pierson Sonderby
        Debtor.                             )
                                            )
                                            )
_____            )

### ORDER AUTHORIZING AND APPROVING RETENTION
### AND EMPLOYMENT OF SEYFARTH SHAW LLP AS
### COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN

This matter having been presented to the Court upon the Application of Gus A. Paloian,

not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of the above-captioned debtor, and upon the accompanying

Affidavit of M. Ryan Pinkston (the "Pinkston Affidavit"), for an order authorizing the

employment of Seyfarth Shaw LLP ("Seyfarth") as counsel to represent the Trustee in the above-

captioned case (the "Case"); and it appearing to the Court that proper notice of this Application

has been provided pursuant to applicable rules and statutes and that no further notice is necessary

or required; and the Court being satisfied based on the representations made in the Application

and the accompanying Pinkston Affidavit that, except as set forth therein, Seyfarth does not

represent any interest that is adverse to the Estate and is disinterested under Section 101(14) of

the Bankruptcy Code, and that its employment is necessary and is in the best interests of the

Estate; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED, that in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the

Trustee is authorized and empowered to retain and employ Seyfarth as his counsel effective as of

April 1, 2010, on the terms and conditions (the "Terms and Conditions") set forth in the

Application and the Pinkston Affidavit attached to the Application, and Seyfarth is authorized to

perform all of the legal services for the Trustee referenced in the Application on such Terms and

Conditions; and it is further

ORDERED, that Seyfarth's compensation and reimbursement in respect of its fees and

expenses incurred representing the Trustee shall be subject to further order of the Court in

accordance with the procedures and standards set forth in sections 330 and 331 of the Code, such

Federal Rules of Bankruptcy Procedure as may be applicable from time to time, and such

procedures as may be fixed by order of this Court.

Dated:  **AUG 1 0 2010**

HONORABLE SUSAN PIERSON SONDERBY
UNITED STATES BANKRUPTCY JUDGE

12482553v.1

**Exhibit 2**

14287588v.1

# SEYFARTH
## ATTORNEYS SHAW LLP



**Gus A. Paloian**

Partner

**Chicago**

(312) 460-5936

# Gus A. Paloian

gpaloian@seyfarth.com

### Practice Areas

- **Bankruptcy, Workouts & Business Reorganization**; Bankruptcy Litigation, Bankruptcy Transactions, Non-Bankruptcy Remedies, Distressed Asset Resolution Team (DART)
- **Government Contracts**
- **Commercial Litigation**
- **Real Estate**; Development & Construction

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation. Prior to joining the Firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian has often represented national banks and finance companies enforcing their remedies and defending their rights. He has represented financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, manufacturing, and warehousing facilities. Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code. Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings. Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

### Education

J.D., DePaul College of Law, *cum laude* (1984)
B.A., Northwestern University (1981)

### Admissions

- Illinois

### Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees

- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association





**James B. Sowka**

Associate

**Chicago**

(312) 460-5325

# James B. Sowka

jsowka@seyfarth.com

### Practice Areas

- **Bankruptcy, Workouts & Business Reorganization**; Bankruptcy Litigation

Mr. Sowka is an associate in the Chicago office of Seyfarth Shaw LLP. He practices in the areas of bankruptcy law, creditor rights, and commercial and real estate litigation in both federal and state court. His client representations include secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees, and preference action defendants. Mr. Sowka is also a member of the SeyfarthLean initiative for landlord-tenant issues in retail bankruptcy cases. SeyfarthLean adopts Lean Six Sigma methodologies through application of a process-driven methodology that involves mapping the delivery of services in order to identify efficiencies and to better predict costs for our clients.

Prior to joining the firm, Mr. Sowka worked as a trial attorney for the U.S. Department of Justice, Office of the U.S. Trustee in both Chicago, Illinois and Miami, Florida where he gained significant experience with bankruptcy asset sales, chapter 11 plan confirmations, chapter 11 trustee and examiner appointments, and investigation and prosecution of bankruptcy fraud and abuse.

Mr. Sowka is an active member of the bar in Illinois and Florida. At the University of Arizona College of Law, Mr. Sowka was a member of the national moot court team and a judicial extern for the Honorable John F. Kelly in Pima County Superior Court in Tucson, Arizona.

### Education

J.D., University of Arizona (2004)

B.A., University of Illinois at Chicago (1998)

Phi Kappa Phi; College Honors

### Admissions

- Illinois
- Florida

### Courts

- U.S. District Court for the Northern District of Illinois



## Andrew V. Banas

*Associate*

Chicago

Direct: (312) 460-5235
Fax: (312) 460-7235
abanas@seyfarth.com | vCard

# Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Mr. Banas is an associate in the Bankruptcy, Workouts & Business Reorganization Practice Group of Seyfarth Shaw LLP. His practice emphasizes commercial litigation, corporate bankruptcy, and out-of-court restructurings. Mr. Banas has represented secured creditors, unsecured creditors, equity interest holders, corporate debtors, trustees, and acquirers of troubled businesses in Chapter 7, Chapter 11, Chapter 12, Chapter 15, and state court proceedings. He has also handled disputes concerning bank syndicates, mortgage-backed securities, subprime loans, participation loans, commercial leases, insurance coverage, and fiduciary duties of directors and officers.

Mr. Banas frequently appears before federal courts and has accumulated substantial courtroom experience in motion practice and evidentiary hearings. He has experience representing clients in dozens of industries including automobile, aviation, banking, construction, information technology, real estate development, retail, professional sports, and publishing.

Among his more notable recent engagements, Mr. Banas served as debtor's counsel for the Phoenix Coyotes professional hockey team in connection with the sale of the team to the National Hockey League. Mr. Banas also served as debtor's counsel for Laughlin Ranch LLC, a 12,000 acre master-planned golf community in northern Arizona, and Three-Five Systems Inc., a former global leader in the manufacturing of microdisplays for high-tech consumer electronics. He also served as special litigation counsel for Landsbanki Íslands hf., the second largest Icelandic bank, in connection with the bank's reorganization in Chapter 15 and foreign proceedings.

Prior to joining the firm, Mr. Banas was an associate in the Bankruptcy and Restructuring Practice Group of Squire, Sanders & Dempsey LLP. He has served as an instructor of trial techniques for the Arizona High School Mock Trial Program. Prior to entering law school, Mr. Banas was a computer programmer and an instructor of philosophy, logic, ethics, and public policy courses at Carnegie Mellon University. Mr. Banas is a member of the American Bankruptcy Institute and the Arizona Bar Association.

## Education

- J.D., University of Michigan Law School (2005)
- B.A., Tufts University (1994)

## Admissions

- Arizona

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

# SEYFARTH SHAW LLP
### ATTORNEYS



**Ryan Pinkston**

Associate

**Chicago**

(312) 460-5578

## Ryan Pinkston

rpinkston@seyfarth.com

### Practice Areas

- **Commercial Litigation**
- **Bankruptcy, Workouts & Business Reorganization**

Mr. Pinkston is an associate in the Bankruptcy Practice Group of Seyfarth Shaw LLP. Prior to joining the firm, Mr. Pinkston was a summer associate at Seyfarth Shaw and a judicial clerk for Judge Teresa D. Harper in the Monroe County Circuit Court. He also worked as a registered mediator in the State of Indiana through the Family and Children Mediation Clinic at Indiana University, served as an Articles Editor for the *Federal Communications Law Journal*, and assisted in Liberian constitutional research for the Center for Constitutional Democracy in Plural Societies.

### Education

J.D., Indiana University-Bloomington, *magna cum laude* (2008)

   Articles Editor, *Federal Communications Law Journal*

B.A., Washington University in Saint Louis (2005)

### Admissions

- Illinois

### Courts

- Northern District of Illinois

### Publications

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98 *Illinois Bar Journal* 92 (February 2010)

- U.S. Court of Appeals for the Seventh Circuit
- U.S. District Court for the Southern District of Florida

## Affiliations

- Chicago Bar Association (Co-Chair, Young Lawyers Section Bankruptcy
  Committee (2008 to present))
- Bankruptcy Court Liaison Committee, Northern District of Illinois (Representative
  of the Office of the U.S. Trustee (2007-2008))
- Seventh Circuit Bar Association
- American Bankruptcy Institute

## Presentations

- "Mortgage Fraud," presented by the Office of the United States Trustee, Chicago
  Bar Association Young Lawyers Section Bankruptcy Committee Meeting (2008)

**Exhibit 3**

## A  CASE ADMINISTRATION

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 06/21/10 | J. McManus | Prepare motion for retention of Trustee's counsel (.60); draft retention affidavit regarding same (.70). | 1.30 | 305.50 |
| 06/25/10 | J. McManus | Prepare Affidavit regarding Seyfarth's retention. | 0.80 | 188.00 |
| 07/01/10 | M. Pinkston | Review file and docket regarding hearing schedule (.20); prepare e-mail correspondence to debtor's counsel regarding same (.10). | 0.30 | 88.50 |
| 07/02/10 | J. McManus | Revise Motion to Retain Seyfarth. | 0.80 | 188.00 |
| 07/07/10 | J. McManus | Prepare Exhibit A to Pinkston Affidavit. | 0.30 | 70.50 |
| 07/08/10 | J. McManus | Revise Motion to Employ Seyfarth (.30); revise Pinkston Affidavit and accompanying exhibit (.40); confer with R. Pinkston regarding same (.10). | 0.80 | 188.00 |
| 07/09/10 | J. McManus | Review and revise new service list (.20); cause Motion to Retain Seyfarth to be filed with the Court (.20); cause Motion to Sell to be filed with the Court (.20); oversee service of motions (.20). | 0.80 | 188.00 |
| 07/16/10 | R. Knapp | Meet with J. McManus regarding: employment of Seyfarth, sale of assets and preparation of necessary motions | 0.30 | 66.00 |
| 07/23/10 | A. Shepro | Prepare Certificate of Service and List for Amended Order (.60); discuss service of motions with R. Knapp and J. McManus (.30); prepare labels and send Order to Service List recipients (.30). | 1.20 | 96.00 |
| 08/09/10 | A. Banas | Draft outline of issues to be addressed at hearing on Trustee's Application to Retain Seyfarth Shaw as Trustee's Counsel (.20); review Application to Retain Seyfarth Shaw and supporting Declaration in preparation for hearing (.30). | 0.50 | 162.50 |
| 08/09/10 | A. Shepro | Prepare hearing documents for 8/10 hearing to employ attorneys and approve sale of assets. | 0.30 | 24.00 |
| 08/10/10 | A. Banas | Appear at hearing on Trustee's Motion to Approve Sale of Estate Assets and Trustee's Motion to Approve Retention of Seyfarth Shaw as Trustee's counsel, both approved by Court. | 0.50 | 162.50 |
| 08/10/10 | J. McManus | Confer with A. Banas regarding Orders authorizing sale of property and retention of Seyfarth Shaw; forward Exhibit A to Judge's Clerk. | 0.10 | 23.50 |
| 08/27/10 | R. Knapp | Meet with G. Paloian regarding case issues. | 0.20 | 44.00 |
| 08/31/10 | J. McManus | Prepare Motion to Retain Accountant. | 0.50 | 117.50 |
| 09/01/10 | A. Shepro | Confer via phone and email with debtor's counsel regarding tax returns. | 0.20 | 16.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 09/08/10 | J. McManus | Prepare accountant retention affidavit. | 0.30 | 70.50 |
| 09/13/10 | J. McManus | Revise retention application. | 0.30 | 70.50 |
| 10/06/10 | J. McManus | Revise accountant retention application. | 0.40 | 94.00 |
| 11/15/10 | J. McManus | Revise Motion to Retain Accountant. | 0.40 | 94.00 |
| 12/14/10 | J. McManus | Revise Motion to Retain Accountant. | 0.50 | 117.50 |
| 12/28/10 | J. McManus | Revise Motion to Retain Accountant. | 0.40 | 94.00 |
| 01/23/11 | J. McManus | Revise Accountant's retention motion. | 0.40 | 98.00 |
| 02/21/11 | J. McManus | Revise retention motion regarding employment of accountant. | 0.30 | 73.50 |
| 03/07/11 | J. McManus | Confer with A. Shepro regarding finalizing accountant retention motion. | 0.10 | 24.50 |
| 03/07/11 | A. Shepro | Confer with J. McManus regarding motion for retaining Lois West, CPA (.10); edit same motion (.40). | 0.50 | 42.50 |
| 03/08/11 | J. McManus | Review and revise retention motion (.10); confer with A. Shepro regarding same (.10). | 0.20 | 49.00 |
| 03/08/11 | A. Shepro | Edit Motion to Retain Lois West, CPA (.50), compile motion with Service List and exhibits (.20); create proposed order for same motion (.10); discuss with R. Pinkston regarding correct debtor's name (.10). | 0.90 | 76.50 |
| 03/09/11 | M. Pinkston | Review (.10) and revise (.10) motion for authority to retain accountant. | 0.20 | 66.00 |
| 03/10/11 | M. Pinkston | Review and revise application to retain accountant. | 0.10 | 33.00 |
| 03/10/11 | A. Shepro | Edit Motion to Retain Popowcer as Accountants per R. Pinkston's edits (.50); confer with R. Pinkston regarding wording of edits (.10); file motion (.30); and serve (.60). | 1.50 | 127.50 |
| 04/05/11 | M. Pinkston | Attend hearing on trustee's motion to retain accountants | 0.10 | 33.00 |
| 05/13/11 | A. Shepro | Update Service List for future filings. | 0.10 | 8.50 |
| | | **TOTALS** | **15.60** | **$3,101.00** |

### C  FEE APPLICATIONS

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 01/19/12 | R. Knapp | Begin preparation of Seyfarth final fee application. | 1.50 | 360.00 |
| 03/15/12 | R. Knapp | Prepare Seyfarth time detail for attachment to Seyfarth final fee application (.80); finalize Seyfarth final fee application (1.00); prepare coversheet (.10); and proposed order (.10). | 2.00 | 480.00 |
| 03/16/12 | R. Knapp | Prepare Popowcer fee application on behalf of Trustee's accountant (.50); coversheet (.10); and proposed order (.10). | 0.70 | 168.00 |
| | | **TOTALS** | **4.20** | **$1,008.00** |

14287609v.1

## <u>CC  CLAIMS ADMINISTRATION AND ANALYSIS</u>

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 08/27/10 | R. Knapp | Review claims (.20); review case file for information related to claim 2 (.30) | 0.50 | 110.00 |
| 08/10/11 | G. Paloian | Investigate claims issues. | 0.30 | 172.50 |
| 10/04/11 | J. Sowka | Review and analyze email from R. Knapp-Podorovsky regarding IRS secured claim (.10); review and analyze IRS proof of claim (.10); draft email to R. Knapp-Podorovsky regarding same (.10). | 0.30 | 112.50 |
| 10/27/11 | J. Sowka | Confer with R. Knapp-Podorovsky regarding objection to IRS' secured claim. | 0.20 | 75.00 |
| 10/27/11 | R. Knapp | Analyze issues related to secured tax lien (.20); meet with J. Sowka to discuss (.10); phone call to Ms. Williams at IRS to discuss (.10). | 0.40 | 92.00 |
| 12/01/11 | R. Knapp | Phone conversation with Ms. Vega at IRS regarding: Trustee's objection to secured claim asserted. | 0.30 | 69.00 |
| 02/23/12 | G. Paloian | Telephone conference with Marti Devine representative of former owner regarding IRS enforcement activity and probable disbursements to IRS. | 0.20 | 120.00 |
| | | **TOTALS** | **2.20** | **$ 751.00** |

14287609v.1

### S  SALE OF ASSETS

| Date | Time Keeper | Description | Hours | Value |
|---|---|---|---|---|
| 05/06/10 | G. Paloian | Telephone conference with T. Toolis regarding offer to purchase assets (.20); review offer to purchase (.20); review schedules for security interest (.10). | 0.50 | 277.50 |
| 05/12/10 | N. Bouchard | Review UCC search results. | 0.20 | 25.00 |
| 05/13/10 | M. Pinkston | Conference with N. Bouchard regarding UCC financing statements and live security interests in estate's assets. | 0.20 | 59.00 |
| 05/24/10 | M. Pinkston | Telephone conference with Thomas Toolis regarding sale of debtor's equipment (.10); conference with N. Bouchard regarding same (.20). | 0.30 | 88.50 |
| 05/24/10 | N. Bouchard | Conversation with R. Pinkston regarding sale of Debtor's assets (.10); conversation with Debtor's counsel regarding potential lien on equipment (.10). | 0.20 | 25.00 |
| 06/01/10 | M. Pinkston | Conference with N. Bouchard regarding preparation of motion for approval of sale of equipment. | 0.10 | 29.50 |
| 06/07/10 | M. Pinkston | Review letter from debtor's counsel regarding security interest over assets of estate (.10); review bankruptcy court docket regarding same (.20); conference with N. Bouchard regarding same (.20). | 0.50 | 147.50 |
| 06/08/10 | N. Bouchard | Discuss with M. Pinkston the status of inquiry into security lien held on Debtor's restaurant equipment. | 0.10 | 12.50 |
| 06/15/10 | M. Pinkston | Review e-mail correspondence and letter from debtor's counsel regarding liens on collateral of debtor. | 0.10 | 29.50 |
| 06/21/10 | G. Paloian | Analyze UCC search (.20); conference with M. Pinkston and J. McManus regarding motion to sell assets (.30). | 0.50 | 277.50 |
| 06/21/10 | J. McManus | Prepare motion for sale of property. | 0.60 | 141.00 |
| 06/21/10 | N. Bouchard | Review e-mail from Debtor's counsel regarding security lien held by Sound Garden (.10); discuss same with R. Pinkston (.10). | 0.20 | 25.00 |
| 06/21/10 | M. Pinkston | Conference with N. Bouchard and G. Paloian regarding sale of equipment | 0.10 | 29.50 |
| 07/07/10 | J. McManus | Revise motion to sell restaurant equipment (.80); confer with R. Pinkston regarding same (.20). | 1.00 | 235.00 |
| 07/08/10 | M. Pinkston | Review and revise motion for authority for sale of assets of estate to debtor (.60); review and revise motion to retain Seyfarth Shaw LLP as trustee's counsel (.30) | 0.90 | 265.50 |
| 07/08/10 | J. McManus | Prepare Exhibit A to Motion to Sell Assets (.40); revise Motion (.40); prepare new case Service List (.30). | 1.10 | 258.50 |
| 07/09/10 | J. McManus | Finalize Motion to Sell for filing (.40); revise Exhibit A to same (.20). | 0.60 | 141.00 |
| 07/20/10 | G. Paloian | Review correspondence from creditor regarding terms of sale. | 0.20 | 111.00 |

| Date | Time Keeper | Description | Hours | Value |
|------|-------------|-------------|-------|-------|
| 07/23/10 | M. Pinkston | Conference with G. Paloian regarding sale of debtor's equipment and amended order (.10); prepare amended order approving sale of assets (.10); prepare notice of filing and certificate of service regarding amended order (.20); electronically file notice of filing and amended proposed order regarding sale of assets (.20). | 0.60 | 177.00 |
| 08/09/10 | M. Pinkston | Conference with A. Banas regarding hearing on motion for authority to sell assets. | 0.20 | 59.00 |
| 08/09/10 | A. Banas | Strategy discussion with R. Pinkston regarding arguments to support Trustee's motion to approve sale of estate property (.20); prepare for tomorrow's sale hearing by drafting outline of arguments in support of Trustee's motion to approve sale of estate property (.40). | 0.60 | 195.00 |
| 08/23/10 | M. Pinkston | Conference with A. Banas regarding order approving sale of estate assets | 0.10 | 29.50 |
| 08/27/10 | R. Knapp | Letter to attorney for purchaser directing remittance of sale proceeds per court order. | 0.40 | 88.00 |
| | | **TOTALS** | **9.30** | **$2,726.50** |

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| A | Case Administration | 15.60 | $3,101.00 |
| C | Fee Applications | 4.20 | $1,008.00 |
| CC | Claims Administration and Analysis | 2.20 | $751.00 |
| S | Sale of Assets | 9.30 | $2,726.50 |
| | **TOTALS** | **31.30** | **$7,586.50** |

14287609v.1

**Exhibit 4**

14287588v.1

**<u>DISBURSEMENTS</u>**

| <u>Date</u> | <u>Disbursements</u> | <u>Value</u> |
|---|---|---|
| 07/09/10 | Copying-Motion to Employ Attorneys and Motion to Sell Property | 78.00 |
| 08/27/10 | Copying | 0.30 |
| 09/14/10 | Copying | 2.40 |
| 03/10/11 | Copying-Motion to Employ Accountants | 16.90 |
| 01/27/12 | Copying | 3.00 |
| 01/31/12 | Copying | 2.80 |
| | **TOTAL** | **$ 103.40** |

14287609v.1